```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 08-61037-CIV-COHN
                                    MAGISTRATE JUDGE P. A. WHITE

DOUGLAS BRYANT SCHOTT,        :

        Plaintiff,            :

v.                            :       REPORT OF
                                      MAGISTRATE JUDGE
KEITH IERUBINO, ET AL.,       :

        Defendants.
_____:
```

This Cause is before the Court upon the joint Motion to Dismiss [DE# 23] filed by the defendants Ierubino and Michael.[1]

This Cause is proceeding on the plaintiff Douglas Bryant Schott's Superceding Amended Complaint [DE# 8], filed in this case, which consolidates three separate civil actions, as explained below.

The plaintiff filed three <u>pro se</u> civil rights complaints pursuant to 42 U.S.C. §1983, including the instant case. The other two cases (08-61352-CIV-UNGARO and 08-61325-CIV-SEITZ) have been closed and consolidated into this case, which was the first case filed. [DE# 17].

On October 13, 2006, the plaintiff filed a federal civil rights action against three defendants: former Broward County Sheriff Ken Jenne; Broward County Deputy Sheriff Keith Ierubino; and Mary Ann Houcek, a private citizen and alleged crime victim. The plaintiff alleged that on April 29, 2004, the defendant Houcek

---

[1] The plaintiff has spelled the defendants' names differently in the various pleadings. The proper names are "Keith Ierubino" and "Andrew Michael."

gave a false statement to police which led to his arrest for violating an order prohibiting him from driving near Houcek's home. He further claims that Houcek and Ierubino made false statements at his trial, which ended in an acquittal in March, 2005 after he spent one year in jail. The plaintiff states that Ierubino admitted to making false statements in a deposition. The Court issued an Order adopting the Magistrate Judge's recommendation that (1) the Broward County Sheriff Ken Jenne and Mary Ann Houcek be dismissed as parties to this action pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted; and (2) the case remain pending as to the defendant Deputy Sheriff Keith Ierubino. After Ierubino failed to return a waiver of personal service, the Court ordered the U.S. Marshal to effectuate personal service. The Deputy Marshal was unable to serve the defendant and was advised that no such person was employed by Broward County. The Court issued an Order directing the plaintiff to supply information for service and, when the plaintiff failed to respond, the case was dismissed without prejudice due to a lack of prosecution on February 27, 2007.

In July and August, 2008, the plaintiff submitted three separate complaints. In the instant case, Case No. 08-61037-CIV-COHN, the plaintiff complained about allegedly false arrests by Broward County Sheriff's Deputies Keith Ierubino and Andrew Michael on April 29, 2004. [DE# 1]. In his request for relief, the plaintiff states: "I will have to seek monetary compensation now on both claims to absorb all the losses I've occurred because of the misconduct of these officers."

In Case No. 08-61325-CIV-SEITZ, the plaintiff also names as defendants Ierubino and Michael. The plaintiff alleges that on May 12, 2005, Michael arrested him after he informed Michael that he

was seeking a judgment against Ierubino and after Michael spoke with Ierubino. The plaintiff claims that after he spent a year in jail of charges of violating the restraining order prohibiting him from going near Houcek's home, he called the Broward Sheriff's Office asking for an escort to go to her house to retrieve his belongings. He claims that Michael followed him to Houcek's home, but Houcek was away and Michael told him to try another time. Thereafter, Michael went to the plaintiff's home and arrested him for violating the restraining order. The plaintiff claims that the criminal case was dismissed on June 13, 2008 after he spent another year in jail. The plaintiff seeks to reopen his 2006 case and he seeks monetary damages against both deputies. In his request for relief, the plaintiff seeks "monetary compensation" "in excess of 300,000."

In Case No. 08-61352-CIV-UNGARO, the plaintiff names Ierubino as the sole defendant. The plaintiff alleges that Ierubino arrested him in April, 2006 following a traffic stop. He claims he spent six months in jail before the charges were dropped. The plaintiff alleges that Ierubino engaged in false arrest solely to harass him. In his request for relief, the plaintiff states: "I would like to be monetarily compensated for lost wages and damages, which includes mental damages also. Also I would like the courts to stop the harassment by Keith Ierubino and the Dania Beach Sheriff's Department."

On September 3, 2008, in the instant case, the plaintiff was directed to file one complete, amended complaint which would become the operative complaint, which identifies the specific allegations as to how each deputy allegedly violated his rights and explain how each person did so as to each arrest. The plaintiff was further directed to include factual details to explain why he believes

3

there was no probable cause for each arrest and provide details about the criminal charges from each arrest and their disposition. [DE# 6].

The plaintiff filed an Amended Complaint explicitly intended to be a consolidated complaint. [DE# 8]. The plaintiff seeks to sue Broward Deputy Sheriffs Keith Ierubino and Andrew Michael and raises the following allegations:

April 29, 2004 Arrest

The plaintiff alleges that on April 29, 2004 Ierubino falsified a police report, by stating that he saw the plaintiff drive by the victim's home in violation of a state court order, to justify an arrest. He plaintiff states that Ierubino later admitted that he never saw the plaintiff violate the court order. As a result of the arrest, the plaintiff was detained for eleven months before he was acquitted on April 3, 2005 of the charges for which he was arrested. The plaintiff alleges that he was falsely imprisoned because Ierubino fabricated the police report.

May 12, 2005 Arrest

The plaintiff alleges that on May 12, 2005, shortly after his release from custody, he called the Broward Sheriff's Office asking for an escort to go to the alleged victim's housed to retrieve his belongings. He alleges that Michael followed him to the home because Michael was not permitted to put personal property in his car. The plaintiff alleges that no one was at the residence, and Michael told him to try another time. The plaintiff returned to his home, and shortly thereafter Michael arrested him for violating the restraining order. The plaintiff claims that he had informed

4

Michael that he was seeking a judgment against Ierubino, and Michael informed Ierubino. The plaintiff states that while Michael was transporting him to jail he heard Ierubino over the police radio ask Michael how it went and Michael replied that the plaintiff was in the back seat, and Ierubino said "good." The plaintiff further states that the charges for which he was arrested on May 12, 2005 were dismissed on June 15, 2008.[2] Liberally construed, the plaintiff claims that Michael and Ierubino conspired to arrest him without probable cause and he was falsely imprisoned. The complaint may also raise claims of unconstitutional retaliation.

April, 2006 Arrest

The plaintiff alleges that Ierubino arrested him again in April, 2006 after a traffic stop. The plaintiff claims that Ierubino was angry that he did not catch the plaintiff near the victim's home, so he wrote several traffic citations and had the plaintiff's truck towed. In addition, the plaintiff spent another six months in jail before the charges were dismissed on May 28, 2008.[3] The plaintiff raises claims of false arrest.

The Amended Complaint [DE# 8] does not include a prayer for relief. The Undersigned issued a Report recommending that the Amended Complaint [DE# 8] proceed against the defendants Ierubino and Michael, in their individual capacities. [DE# 10]. The Report did not specifically address whether the requests for relief

---

[2] This appears to be an error - the plaintiff states that he was detained for about a year, so the date should probably be June 15, 2006, not June 15, 2008.

[3] This date may also be erroneous and may be possibly be May 28, 2006, not May 28, 2008.

contained in the three separate civil complaints were subsumed into the Operative Complaint. The Honorable James I. Cohn issued an order adopting the recommendation of the Report and ordered that the three cases be consolidated into one civil action, leaving the Amended Complaint [DE#8] as the Operative Complaint in this Cause. [DE# 17].

The defendants now move to dismiss the Amended Complaint [DE# 8], arguing that the plaintiff is barred from recovering compensatory damages pursuant to the Prison Litigation Reform Act because he has not alleged that he suffered a physical injury.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. See, e.g., United States v. Gaubert, 499 U.S. 315, 327 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11 Cir. 1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. See, e.g., Brower v. County of Inyo, 489 U.S. 593, 598 (1989). Generally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In re Johannessen, 76 F.3d 347, 349 (11 Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff's apparent requests for compensatory damages is barred by 42 U.S.C. §1997e(e) because he fails to allege that he

suffered any physical injury as a result of the alleged constitutional violations. Section 1997e(e) bars prisoner civil actions for "mental or emotional injury suffered while in custody without a prior showing of physical injury. A plaintiff, who files his complaint while in custody, who does not allege any physical injury as a result of an alleged constitutional violation may not seek compensatory damages, but can seek nominal and punitive damages, and equitable relief. See Frazier v. McDonough, 264 Fed.Appx. 812, 815 (11 Cir. 2008); Smith v. Allen, 502 F.3d 1255, 1271 (11 Cir. 2007); Hughes v. Lott, 350 F.3d 1157, 1162 (11 Cir. 2003).

District Courts are directed to examine a complaint to determine whether if it can be liberally construed to request relief other than compensatory damages. Frazier, supra at 815. In this case, because the plaintiff failed to include a prayer for relief in his superceding amended complaint, it cannot be determined whether he may be seeking any relief other than compensatory damages. The requests for relief in the three civil complaints may be liberally construed to indicate that the plaintiff is possibly seeking equitable relief and may be broad enough to include an implied request for nominal damages. Complaints which have been liberally interpreted to raise a request for nominal damages or equitable relief contain such phrases as "such other relief as may appear that Plaintiff is entitled" or similar language. In this case, the plaintiff seeks "monetary" damages and apparently seeks prospective injunctive relief.

Rule 8(a)(3) of the Federal Rules of Civil Procedure requires that a civil complaint include "a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). The Amended

7

Complaint [DE# 8] does not comply with the Federal Rules because it does not contain a request for relief.

In deference to the plaintiff's pro se status, it is recommended that the Motion to Dismiss [DE# 23] be denied without prejudice so the plaintiff may have the opportunity to amend his amended complaint to correct the deficiencies in the amended complaint so it complies with Rule 8(a)(3) of the Federal Rules of Civil Procedure.  The plaintiff should file a new amended complaint which raises all of his claims and includes a specific request for relief, including the types of monetary damages (compensatory, punitive and/or nominal) and any other relief the plaintiff seeks (such as injunctive or declaratory relief).

## Recommendation

Based on the foregoing, it is recommended that the Motion to Dismiss [DE# 23] be denied without prejudice.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 12th day of January, 2009.

                                                   _____
                                                   UNITED STATES MAGISTRATE JUDGE


cc:   Douglas Bryant Schott, Pro Se
      No. 603092
      South Florida Treatment Center
      P.O. Box 344220
      Florida City, FL 33034-9583

Robert D. Yates, Esq.
Carter, Schwartzreich & Yates
1225 S.E. 2nd Avenue
Fort Lauderdale, FL 33316