UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61037-CIV-COHN/WHITE

DOUGLAS BRYANT SCHOTT,

    Plaintiff,

vs.

KEITH IERUBINO, ET AL.,

    Defendants.
_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND REFERRING ACTION TO MAGISTRATE JUDGE WHITE

THIS CAUSE is before the Court upon the Report and Recommendation of United States Magistrate Judge Patrick White [DE 26] ("Report"). The Court has carefully considered the Report, Defendants' Objections [DE 27][1], conducted a de novo review of the record, and is otherwise advised in the premises.

## I. BACKGROUND

Defendants filed a Motion to Dismiss [DE 23] the Consolidated Amended Complaint [DE 8] arguing that Plaintiff is barred from recovering compensatory damages pursuant to the Prison Litigation Reform Act because he has not alleged that he suffered a physical injury. (Motion to Dismiss, DE 23, p.2.) Judge White agreed that

---

[1] Since the filing of the Report, Plaintiff has submitted an Amended Complaint [DE 8] in Case No 08-61325, a document titled "Discovery" [DE 9] in Case No. 08-61325, and "Interrogatories" [DE 28] filed in Case No. 08-61037. These documents do not appear to be objections and the Court does not make any determination regarding these documents. Thus, Plaintiff filed no objections and the time for filing objections has passed.

1

a request for compensatory damages is barred by 42 U.S.C. § 1997e(e) because Plaintiff fails to allege that he suffered physical injury as a result of the alleged constitutional violations. (Report, DE 26, p. 6-7.) The Report recommends that the Motion to Dismiss be denied without prejudice because the Amended Complaint does not comply with Fed.R.Civ.P. 8(a)(3) and fails to include a prayer for relief. (Id. at p. 7 - 8.) The Report suggests that Plaintiff should be granted leave to file an amended complaint that includes a specific request for monetary damages (compensatory, punitive and/or nominal) and any other type of relief (injunctive and/or declaratory relief). (Id. at 8.)

In their Objections Defendants argue that the Motion to Dismiss should be granted pursuant to the rationale in the Report. (Objections, DE 27, p. 1-3.) Defendants also argue that the Report incorrectly states that Plaintiff may be entitled to compensatory or punitive damages or equitable relief when only nominal damages are available. (Id.)

## II. ANALYSIS

Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in

the complaint are true." 127 S. Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

As explained by Judge White, "Rule 8(a)(3) of the Federal Rules of Civil Procedure requires that a civil complaint include 'a demand for judgment for the relief the pleader seeks.'" (Report, DE 26, p. 7.) The Amended Complaint lacks any request for relief and therefore should be dismissed without prejudice to allow Plaintiff to file an Amended Complaint including a demand for judgment stating the relief he seeks. Because the dismissal is without prejudice, the Court endeavors to address the damages sought by Plaintiff.

To the extent that Plaintiff may be seeking damages for mental or emotional injury, he should be aware that pursuant to 42 U.S.C. § 1997e(e) "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Therefore, Plaintiff cannot recover compensatory or punitive damages for mental or emotional injury without physical injury. Frazier v. McDonough, 264 Fed. Appx. 812, 815 (11th Cir. Feb. 6, 2008); Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007); Napier v. Preslicka, 314 F.3d 528 (11th Cir. 2002). However, nominal

3

damages are appropriate if Plaintiff establishes a violation of a fundamental constitutional right. Frazier, 264 Fed. Appx. at 815. Additionally, dismissal of claims for monetary damages are without prejudice so that Plaintiff has the ability to re-file the claim if and when the Plaintiff is released. Id. Treating the allegations in the Amended Complaint as true and liberally construing the complaint in favor of the Plaintiff, it is possible that Plaintiff is seeking compensatory, punitive and/or nominal damages. (See e.g. Amended Complaint, Case No 08-61325, DE 8, p. 8.) At present, without any alleged physical injury, only nominal damages are recoverable for mental or emotional injury.

Defendants argue that because Plaintiff is currently incarcerated any claims for equitable relief toward the Defendants are moot and should be precluded. (Objections, DE 27, p. 5.) The Court is unable to determine what, if any, equitable relief Plaintiff is seeking and therefore cannot adequately resolve this issue.

Because the dismissal is without prejudice, Plaintiff should note that federal courts are confined by Article III of the Constitution and can adjudicate only actual cases and controversies. Allen v. Wright, 468 U.S. 737, 750 (1984). When a plaintiff is seeking injunctive or declaratory relief, in order to demonstrate that a case or controversy exists, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. See City of Los Angeles v. Lyons, 461 U.S. 95, 102, (1983). "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) (internal quotation and citation omitted). With

4

regard to declaratory judgments, there needs to be an "actual controversy." See Emory v. Peeler, 756 F.2d 1547, 1551-52 (11th Cir.1985). "The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." Id. at 1552 (internal quotations omitted). "The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." Id.

### III. CONCLUSION

Based upon the foregoing it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Patrick White [DE 26] is **ADOPTED IN PART**.
2. Defendants' Objections [DE 27] are **SUSTAINED IN PART**.
3. Defendants' Motion to Dismiss [DE 23] is **GRANTED**.
4. Plaintiff's Amended Complaint [DE 8] is **DISMISSED WITHOUT PREJUDICE**.
5. This action, including the Amended Complaint [DE 8] filed in Case No 08-61325, Plaintiff's Discovery [DE 9] filed in Case No. 08-61325, and Plaintiff's Interrogatories [DE 28] filed in Case No. 08-61037, are referred to Magistrate Judge White for proper disposition or report and recommendation.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of March, 2009.

_____
JAMES I. COHN
United States District Court

Copies provided to:
All Counsel of Record

Douglas Bryant Schott, *pro se*.